**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JIM WINTER,** § | | |
|             **Plaintiff,** § | | |
| § | | |
| v. § | **CAUSE NO. 1:22-cv-142** | |
| § | | |
| **EL CASTILE CONDOMINIUM** § | | |
| **HOMEOWNER'S ASSOCIATION, INC.** § | | |
|             **Defendant.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff Jim Winter ("Winter" or "Plaintiff") brings this action for injunctive relief, attorneys' fees, and court costs against the El Castile Condominium Homeowner's Association, Inc. ("El Castile HOA") pursuant to the Fair Housing Act, 42 U.S.C. § 3604(f)(3), and 42 U.S.C. § 12182.

2. Plaintiff lives in Unit 34 of El Castile (the "Condo Unit"). El Castile is a condominium building in South Padre Island located specifically at 201 W. Polaris Drive, South Padre Island, Texas 78597.

3. Mr. Winter has multiple disabilities, including dyslexia which substantially limits his reading and learning abilities, and physical disabilities, arising largely from spinal stenosis and left knee replacement, which substantially limit Mr. Winter's abilities to walk, to perform manual tasks, to lift, to work, and the like.

4. The El Castile HOA has historically ignored Mr. Winter's verbal and written requests for two specific accommodations that he requires to have an equal opportunity to use and to enjoy the housing there. First, because of his physical disabilities, he requires a designated parking spot so that he can avoid walking substantial distances from street parking to his residence. Second, because of his dyslexia, he requires that a specific lock en route to his

1

residence (the lock on the third gate from the boat ramp) have either standard numeric characters on it, rather than the current Roman numerals, or use an actual physical key.  Neither of these requests for accommodation would have imposed any significant burdens on El Castile or any other resident.  The requested change in the lock would have involved no major structural alterations, but merely an adjustment generally confined to the lock itself.  The requested assignment of a specific parking space would not have deprived anyone else of such a space.  On the contrary, many residents of El Castile use up parking spaces as storage areas for their boats, thus greatly diminishing the spaces available for actual vehicular parking.  Due to this practice, a resident of El Castile who had to drive a vehicle out of the parking lot to go anywhere would almost inevitably lose the spot immediately to some other resident seeking a rarely available parking space.  Upon return to El Castile, then, the resident who had just left would usually find no available parking space and have to park in the street.  Because the walking distance from the street to the Condo Unit is much greater than from the parking lot to the Condo Unit, the burdens on Plaintiff of having to take such a trek almost every time he returns to his residence are heavy and, in light of his disabilities, significantly heavier than that faced by the average resident.

     5.     Plaintiff informed the El Castile HOA personally of his disabilities and his need for accommodation as early as 2021.  Having received no substantive response from the El Castile HOA, Mr. Winter was forced to retain the undersigned counsel to address the matter.  After various exchanges of correspondence in which Plaintiff repeated his requests for accommodation and the grounds for them, the El Castile HOA ultimately in correspondence dated July 26, 2022, granted Plaintiff's request to modify the locking mechanism, if he would make the modification at his own expense, but denied his request for an accommodation of a

designated parking space. Thus, Plaintiff has no alternative but to seek intervention from this Court.

6. Plaintiff has requested reasonable accommodations from the El Castile HOA in good faith. The accommodations requested are not only reasonable. They are necessary for Plaintiff to have an equal opportunity to use and to enjoy the housing of his choice because, without them, he will continue to suffer the burdens of having to walk from somewhere on neighboring streets to his residence. While Defendant has begrudgingly granted one accommodation request, as long as Plaintiff pays for the modification at issue, it has steadfastly declined to assign him a dedicated parking space, despite the fact that dedicating such a space would not constitute an undue burden of any kind. Plaintiff has suffered past harm and continues to face the threat of irreparable injury from Defendant's failure to grant his request for reasonable and necessary accommodations. He asks this Court to enjoin Defendant from continuing to deny him a dedicated parking space. He further seeks court costs and reasonable attorneys' fees.

## II.     JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

8. Plaintiff's discrimination claims are brought pursuant to the FHA, 42 U.S.C. § 3604(f)(3), and Title III of the ADA, 42 U.S.C. § 12182.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III.     PARTIES

10. Plaintiff Jim Winter is a resident at El Castile in South Padre Island in Cameron County, Texas.

11. Defendant El Castile HOA is a homeowner's association ostensibly incorporated under the laws of the State of Texas. Its registered agent is listed as Michael A. Zanca, 3900 North Tenth Street, Suite 850, McAllen, Texas 78501.

### IV.    FACTS

12. Plaintiff lives in Unit 34 of El Castile. El Castile is a condominium building in South Padre Island located specifically at 201 W. Polaris Drive, South Padre Island, Texas 78597.

13. Mr. Winter has multiple disabilities, including dyslexia which substantially limits his reading and learning abilities, and physical disabilities, arising largely from spinal stenosis and left knee replacement, which substantially limit Mr. Winter's abilities to walk, to perform manual tasks, to lift, to work, and the like. Mr. Winter has a disability placard for his vehicle.

14. The El Castile HOA has historically ignored Mr. Winter's verbal and written requests for two specific accommodations that he requires to have an equal opportunity to use and to enjoy the housing there. First, because of his physical disabilities, he requires a designated parking spot so that he can avoid walking substantial distances from street parking to his residence. Mr. Winter has considerable difficulties with such lengthy walks, particularly in that he must go up stairs to get to his residence after walking from the street.

15. Second, because of his dyslexia, Mr. Winter requires that a specific lock en route to his residence (the lock on the third gate from the boat ramp) have either standard numeric characters on it, rather than the current Roman numerals, or use an actual physical key. Roman

4

numerals are unfamiliar characters to Mr. Winter and thus, due to his dyslexia, almost impossible to decipher, particularly when the codes change.

16. Neither of these requests for accommodation would have imposed any significant burdens on El Castile or any other resident. The requested change in the lock would have involved no major structural alterations, but merely an adjustment generally confined to the lock itself. The requested assignment of a specific parking space would not have deprived anyone else of such a space. On the contrary, many residents of El Castile use up parking spaces as storage areas for their boats, thus greatly diminishing the spaces available for actual vehicular parking. Due to this practice, a resident of El Castile who had to drive a vehicle out of the parking lot to go anywhere would almost inevitably lose the spot immediately to some other resident seeking a rarely available parking space. Upon return to El Castile, then, the resident who had just left would usually find no available parking space and have to park in the street. Because the walking distance from the street to the Condo Unit is much greater than from the parking lot to the Condo Unit, the burdens on Plaintiff of having to take such a trek almost every time he returns to his residence are heavy and, in light of his disabilities, significantly heavier than that faced by the average resident.

17. Plaintiff informed the El Castile HOA personally of his disabilities and his need for accommodation as early as 2021. Having received no substantive response from the El Castile HOA, Mr. Winter was forced to retain the undersigned counsel to address the matter. After various exchanges of correspondence in which Plaintiff repeated his requests for accommodation and the grounds for them, the El Castile HOA ultimately in correspondence dated July 26, 2022, granted Plaintiff's request to modify the locking mechanism, if he would make the modification at his own expense, but denied his request for an accommodation of a

designated parking space. Thus, Plaintiff has no alternative but to seek intervention from this Court.

18.     Plaintiff has requested reasonable accommodations from the El Castile HOA in good faith. The accommodations requested are not only reasonable. They are necessary for Plaintiff to have an equal opportunity to use and to enjoy the housing of his choice because, without them, he will continue to suffer the burdens of having to walk from somewhere on neighboring streets to his residence. While Defendant has begrudgingly granted one accommodation request, as long as Plaintiff pays for the modification at issue, it has steadfastly declined to assign him a dedicated parking space, despite the fact that dedicating such a space would not constitute an undue burden of any kind.

19.     In its July 26, 2022, denial letter, the El Castile HOA specified as its bases for denying Plaintiff's accommodation request that (1) there are insufficient parking spaces to accommodate designated parking spaces for everyone or even for other elderly residents of El Castile because there is a lower than 1-1 ratio between parking spaces and condominium units, and (2) Mr. Winter has been observed even carrying his bicycle up the stairs to his second-floor residence. With respect to the first issue, as discussed previously, designation of a parking space for Mr. Winter would not deprive anyone of a space, as many individuals put their boats across multiple spaces. The fact that not every resident would have a designated parking space does not automatically signify that Mr. Winter's request is unreasonable as Mr. Winter's disability renders him considerably less able to manage the walk from the street areas than other residents. The fact that Mr. Winter has been observed on occasion to carry his bicycle up the stairs to his residence does not have any impact on the legal analysis, unless Defendant intended to use this as a basis for challenging Mr. Winter's claim to have a relevant disability at all. If so, Defendant

has erred.  Mr. Winter's physical disabilities substantially limit his abilities to walk, to lift, and to engage in other major life activities, as described above.  If he has lifted his bicycle up stairs on occasion, he has shown no more by this than that, like anyone else, individuals with disabilities have better days on some occasions than others and can sometimes accomplish activities that are substantially limited for them by their disabilities.  Furthermore, rather than employing this as a basis for a flat denial of the accommodation request, Defendant should have engaged in the required interactive process to gain further information.

20. Plaintiff has suffered past harm and continues to face the threat of irreparable injury from Defendant's failure to grant his request for reasonable and necessary accommodations.  He asks this Court to enjoin Defendant from continuing to deny him a dedicated parking space.  He further seeks court costs and reasonable attorneys' fees.

## COUNT I:

## VIOLATIONS OF THE FAIR HOUSING ACT

21. Plaintiff incorporates by reference paragraphs 1-20 as set forth above.

22. The residence in which Plaintiff resides in El Castile is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

23. Plaintiff is a person with a disability or "handicap" within the meaning of 42 U.S.C. § 3602(h).[1]

24. Defendant's actions described above constitute a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be

---

[1] The term "handicap" is antiquated and widely considered pejorative.  The term "disability" is more widely accepted and is used throughout this Complaint.

7

necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B).

25. As a result of Defendant's conduct, Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i) and has suffered injuries as a result of Defendant's actions.

26. Defendant's conduct has caused Plaintiff irreparable harm and continues to cause him irreparable harm on an ongoing basis.

27. The accommodations requested by Plaintiff are both reasonable and necessary to avoid the irreparable harm referenced above and to provide Plaintiff an equal opportunity to use and to enjoy the housing of his choice.

28. Providing the accommodations requested by Plaintiff will not impose an undue burden on Defendant or require it to alter any activity or service in a fundamental manner.

29. Enjoining Defendant from continuing to refuse the accommodations requested by Plaintiff will impose no hardship on Defendant and will not disserve the public interest, but will rather serve that interest. Plaintiff has no adequate remedy at law to address the irreparable harm which he has suffered and continues to suffer.

30. Defendant's wrongdoing was and is intentional, and Plaintiff is entitled to compensatory damages as a remedy.

## COUNT II:

## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff incorporates by reference paragraphs 1-30 as set forth above.

32. Plaintiff is a person with a disability within the meaning of 42 U.S.C. §§ 12101 and 12182.

33. Defendant provides and operates places of public accommodation with its parking areas, stairwells, and other common areas.

34. Defendant's actions and omissions described above constitute a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford "services, facilities, privileges, advantages, or accommodations to individuals with disabilities" in violation of the ADA, 42 U.S.C. § 12182(a), (b), and especially (b)(2)(A)(ii). Making the requested modification would not fundamentally alter the nature of any good, facility, privilege, advantage, or accommodation being offered and would not result in an undue burden.

35. Defendant's conduct has caused Plaintiff irreparable harm and continues to cause him irreparable harm on an ongoing basis.

36. The accommodations requested by Plaintiff are both reasonable and necessary to avoid the irreparable harm referenced above and to provide Plaintiff the privileges, advantages, and accommodations which others enjoy and which he requires.

37. Enjoining Defendant from continuing to refuse to grant the modification requested by Plaintiff will impose no hardship on Defendant and will not disserve the public interest, but will rather serve that interest. Plaintiff has no adequate remedy at law to address the irreparable harm which he has suffered and continues to suffer.

38. Defendant's wrongdoing was and is intentional, and Plaintiff is entitled to compensatory damages as a remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court assume jurisdiction of this cause;

B.	That this Court enter a permanent injunction enjoining Defendant from continuing to deny Plaintiff the accommodations he requires to have an equal opportunity to use and to enjoy the housing of his choice in El Castile, including enjoining Defendant from continuing to deny Plaintiff a designated parking space.

C.	That this Court award Plaintiff compensatory damages based on Defendant's intentional discrimination;

D.	That this Court award Plaintiff his costs and fees, including reasonable attorneys' fees; and

E.	That this Court grant such additional relief as it deems equitable and just.

DATED: October 12, 2022                                              Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Mark Whitburn_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Mark Whitburn
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Texas Bar No. 24042144
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Whitburn & Pevsner, PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 2000 E. Lamar Blvd., Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Arlington, Texas 76006
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 (817) 653-4547
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 mwhitburn@whitburnpevsner.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 ATTORNEYS FOR PLAINTIFF